# FALL SESSIONS, 1906.

STATE *vs.* HOWARD HONEY.
*Criminal Law—Homicide—Murder—Manslaughter—Malice—Self-Defence—Deadly Weapon—Presumption of Law—Reasonable Doubt.*

1. The different kinds of felonious homicide defined.
2. Malice, express and implied, defined.
3. The law respecting self-defence stated.

(*September* 27, 1906.)

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*Robert H. Richards*, Attorney-General, and *Daniel O. Hastings*, Deputy Attorney-General, for the State.

*George L. Townsend, Jr.*, for the defendant.

At a Court of Oyer and Terminer, in and for New Castle County, beginning September 27, 1906, the defendant, a negro, was indicted and tried upon the charge of murder in the first degree, for the felonious killing with a deadly weapon, to wit a pistol, of one Clarence Morgan, also a negro, in the town of Odessa, on the night of August 29, 1906.

The evidence of the State tended to show that the defendant first provoked a quarrel with Clarence Morgan and then pulled his pistol upon the latter and began firing; that Morgan then returned the fire of the defendant and that thereupon there were four or five shots exchanged between the two, in which both were wounded, but that one of the wounds inflicted upon Morgan by the defendant resulted in his death a day or two succeeding the shooting.

The evidence of the defendant was to the effect that he was first fired upon by the deceased and only fired after he had been shot at two or three times by Morgan, that he was actually hit by the latter and severely wounded in the neck and cheek, and that when he fired the last shot he had fallen to his knees as a result of being so wounded by the said Morgan; that all of the shooting that he did was in necessary self-defense.

PENNEWILL, J., charging the jury:

Gentlemen of the jury:—The prisoner, Howard Honey, is charged in this indictment with murder of the first degree,—it being alleged that he did on the twenty-ninth day of August, 1906, wilfully and maliciously kill and murder one Clarence Morgan with a sedate, deliberate mind and with express malice aforethought.

It is incumbent upon the State, in order to convict the prisoner, to prove all the necessary and essential ingredients of the crime alleged in this indictment, beyond a reasonable doubt.

Under this indictment you may find the prisoner guilty in manner and form as he stands indicted; that is, guilty of murder in the first degree,—or guilty of murder in the second degree, or guilty of manslaughter, or not guilty, as the evidence shall warrant.

It becomes our duty therefore to define to you the different degrees of felonious homicide. Homicide is the killing of one human being by another. Felonious homicide is, in this State, of three kinds: murder of the first degree, murder of the second degree, and manslaughter. Malice is an essential ingredient of the crime of murder of both degrees. Without malice there can be no murder either of the first or of the second degree. Malice is a condition of the mind or heart. As here used, this term is not restricted to spite or malevolence toward the particular person slain, but also includes that general malignity and reckless disregard of human life which proceed from a heart void of a just sense of social duty and fatally bent on mischief. Wherever the fatal act is done deliberately or without adequate cause, the

law presumes that it was done with malice, and the burden is on the prisoner to show from the evidence, or by inference from the circumstances of the case, that the act was not done with malice.

Murder of the first degree is where the killing was done with express malice aforethought, or in perpetrating or attempting to perpetrate a crime punishable with death. Express malice aforethought is where one person kills another with a sedate, deliberate mind and formed design; which formed design may be manifested in many ways. The deliberate selection and use of a deadly weapon is a circumstance which, in the absence of satisfactory evidence to the contrary, indicates the existence in the mind of the person committing the act of a deliberate formed design to kill. All homicides with a deadly weapon are presumed to be malicious until the contrary appears by the evidence, and the burden of proof to the contrary lies on the accused, as the natural and probable consequences of the act are presumed by the law to have been intended by the person in using a deadly weapon. If the jury are satisfied from the evidence that the prisoner, when he killed the deceased, deliberately intended so to do, the length of time that said intention existed is immaterial, and the killing under such circumstances would be murder. It must be remembered that even the most sudden and instantaneous acts may be accompanied with circumstances which show beyond doubt that it was the result of a deliberate purpose. Time, that is, the lapse of time, need not enter into consideration, as an essential or necessary element of deliberation, for if a design or intention to take life be but the conception of a moment, it is sufficient. If the slayer had time for thought, and thinking but for a moment, did intend to kill, and in fact did kill, it is just the same, in legal contemplation as if he had intended it for a length of time, and killing under such circumstances is held to be both deliberate and premeditated.

Murder in the second degree is where the killing was done with implied malice. Implied malice is an inference or conclusion of law from the facts found by the jury. Murder of the second degree is where there was no deliberate mind or formed

design to take life or to perpetrate a crime punishable with death, but where the killing was done without justification or excuse and without provocation, or without sufficient provocation to reduce the offense to manslaughter.

Implied or constructive malice, being an inference or conclusion of law from facts actually proved before the jury, is implied by law from every unlawful, deliberate, cruel act committed by one person against another, however sudden the act may be, for the law considers that he who does a cruel act voluntarily, does it maliciously.

In order that you may have a definite idea of the distinction between the two degrees of murder, we say to you, *first* wherever there exists a design or intention, deliberately formed in the mind of the accused, to take life, and death ensues from his act, it is murder with express malice, and consequently murder of the first degree. *Secondly*: where there exists no such design or intention to take life, but death results from an unlawful act of violence on the part of the accused, and in the absence of adequate or sufficient provocation, it is murder with or by implied malice, and therefore murder in the second degree.

Manslaughter is where one person unlawfully kills another without malice. In order to reduce the crime to manslaughter, the provocation must be very great—so great indeed as to produce such a transport of passion as renders the person for the time being deaf to the voice of reason. While murder proceeds from a wicked and depraved spirit and is characterized by malice, manslaughter results from no malignity, but from unpremeditated and unreflecting passion.

The burden of establishing self-defense,—where it is set up as a defense— to the satisfaction of the jury, rests upon the prisoner. In repelling or resisting an assault, no more force may be used than is necessary for the purpose, and if the person assailed use in his defense greater force than is necessary for that purpose, he becomes the aggressor. If the deceased first attacked the prisoner, even though the attack was of such a character as to create in the mind of the prisoner a reasonable belief that he was in danger of death or great bodily harm, it

was his duty to retreat, if he could safely do so, or to use such other reasonable means as were within his power to avoid killing his assailant. No one may take the life of another, even in the exercise of the right of self-defense, unless there is no other available means of escape from death or great bodily harm. If the jury are satisfied from the evidence that the deceased first attacked the prisoner, and from the character of such attack the prisoner had reasonable cause to believe, and did believe, that he was in imminent danger of death or great bodily harm, and that he had no other reasonable means of avoiding or preventing death or great bodily harm, then the killing of the deceased was a justifiable act of self-defense, and the prisoner should be acquitted of any crime whatever.

If you shall be satisfied from the evidence that the prisoner killed the deceased unlawfully, your next duty will be to determine the grade of the offense in accordance with the instructions given you by the Court. In the discharge of that duty you should not be swayed or influenced by any consideration of the punishment which may follow a conviction. It is your duty to determine and declare whether the prisoner under this indictment is guilty of any, and, if any, of what offense; and there your duty ends.

In every criminal case the accused is presumed to be innocent until his guilt is proved to the satisfaction of the jury beyond a reasonable doubt. If after carefully and conscientiously considering and weighing all the evidence in the case, you should entertain a reasonable doubt of the guilt of the prisoner, that doubt must insure to his benefit, and your verdict should be not guilty. But such a doubt must not be a mere fanciful, vague or speculative doubt, but a reasonable, substantial doubt, remaining in your minds after a careful consideration of all the evidence, and such a doubt as reasonable, fair-minded and conscientious men would entertain under all the facts and circumstances of the case.

Verdict, guilty of manslaughter.